STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeal of Lorette Masse     }
                                         }
                                         }   Docket No. 48-4-01 Vtec
                                         }
                                         }

Decision and Order on Town=s Motion for Summary Judgment

Appellant Lorette Masse appealed from a decision of the Development Review Board (DRB) of the Town of Grand Isle denying her application for final plat approval for a major subdivision. Appellant is represented by Brian Hehir, Esq.; the Town is represented by Joseph S. McLean, Esq. Interested person Cara J.C. LaBounty has made an appearance but has not submitted any briefing.

The Town has moved for summary judgment. The following facts are undisputed[1] unless otherwise noted.

Appellant owns an approximately 65-acre parcel of land with frontage on Donaldson Road which she proposes to subdivide into five lots, ranging in area from 10.10 to 20.24 acres. The property is improved with an existing single-family house with on-site water supply[2] and sewage disposal. Appellant proposed to remove the existing house and to develop the lots each with a three-bedroom single-family dwelling on each lot, each with an on-site water supply and septic system. Appellant= s property is a part of Lake Champlain Estates, a subdivision that occurred in 1965, prior to the adoption of the Town= s zoning and subdivision regulations. Much of the Lake Champlain Estates subdivision remains undeveloped; some lots are in use on a seasonal basis. Appellant obtained title to the property in 1978 as one of four tenants; she is now the sole owner. The lot was transferred in 1978 as an undivided lot with A equal rights that Grantor may have in and to all road and right of way [sic] abutting said premises.@ The remainder of the Lake Champlain Estates subdivision was laid out with eighteen thirty-foot-wide rights-of-way extending from Champlain Boulevard to Appellant= s easterly property line. Appellant proposes to use some of these rights-of-way for access to her five proposed lots.

Appellant proposes a driveway access to proposed Lot 1 directly to Donaldson Road. The other four lots are proposed to have access to public roads via 30-foot-wide rights-of-way proposed for the Lake Champlain Estates subdivision, some of which are partially improved for largely seasonal use, and some of which are unimproved or overgrown. Appellant showed access over the rights-of-way shown as Clipper, Mountainview, Sturgeon and Launch Roads. Appellant proposes to upgrade the subdivision rights-of-way as private gravel roadways, with a traveled way width of 15 feet, ending in culs-de-sac built to the so-called A-76 standards of the Vermont Transportation Agency.

The DRB approved Appellant=s preliminary plat with six conditions. The preliminary plat approval was not appealed; the authority of the Town to impose these conditions in the preliminary plat approval therefore cannot be challenged in the present appeal. Those conditions are 1) that the proposed drilled wells will be eliminated; 2) that for Final Plat Review Applicant will identify any right-of-way to be improved as a Aroad,@ and will submit an engineering evaluation of the proposed gravel drives against the A-76 standards; 3) that for Final Plat Review Applicant will submit a road maintenance plan for the maintenance and drainage of the access roads to be

constructed on the Lake Champlain Estates rights-of-way; 4) that any improvement to a dead end road will terminate in a 35-foot-radius (or greater) cul-de-sac; 5) that all road improvements for access to a particular lot be completed by Applicant (or her successors or assigns) prior to application for a permit to develop that lot; and 6) that the owner of any of the proposed lots would have to apply for Conditional Use Approval to use any right-of-way in the subdivision other than Donaldson, Clipper, Mountainview, Sturgeon and Launch Roads for access to the lot.

Appellant thereafter applied for final approval of the plat. In the application for final plat approval, she did not request any waivers from the application submission requirements or the improvement requirements. The DRB denied final approval in its decision dated March 16, 2001, concluding essentially that the application for final plat approval was incomplete, did not conform to all of the ' 7.3.4 major subdivision standards, did not conform to all of the ' 7.4 required improvements and design standards, and did not comply with Conditions 2 and 3 of the preliminary plat approval. Appellant revised the proposed final plat after the DRB= s denial and has submitted the revised proposed plat for approval by the Court. Such revisions may be considered by the Court in this de novo proceeding if the subject of the revision was at issue before the DRB in the application, whether or not the DRB actually addressed the issue in its decision.

The Town= s seeks summary judgment on questions 1, 2, 4, 5, 8, 9, and 10, of the Statement of Questions, and on that basis argues that the remaining questions 3, 6, and 7 are moot, and that the matter should be remanded to the DRB to consider the waiver applications and any plan revisions. Appellant argues that the motion should be denied and that de novo review should proceed. Appellant also argues that the DRB is without authority to require a road maintenance plan or to require that the road improvements be made before a lot owner could apply to develop a lot.

The authority of the DRB to impose the conditions of the preliminary plat approval is not before the Court as the preliminary plat approval was not appealed. If the Town seeks to impose similar conditions in any grant of final plat approval, the authority for them can be litigated at that time, as well as the content of any particular road maintenance plan and whether such a plan should be approved. We note that the DRB has broad authority under ' 7.4.1 to require road improvements by a subdivider, as well as to require the subdivider to provide access adequate to meet the other subdivision or zoning standards, e.g., ' 7.4.1.9 (access for emergency and service vehicles).

Appellant proposes to present numerous requests for waivers under ' 7.6.16 in the proceedings on the merits in this Court, and argues that, with the proposed waivers, the revised proposed final plat will meet the requirements of the Subdivision Regulations. Without te proposed waivers, the application submission requirements and improvement requirements fail to meet the standards of the Subdivision Regulations as argued by the Town in its motion.

The waiver provision in ' 7.6.16 provides that:

The DRB may waiver, or vary subject to appropriate conditions, the provisions of any or all improvements and application submission requirements as in its judgement of the special circumstances of a particular plat or plats are not requisite in the interest of the public health, safety and general welfare, or which in its judgement are inappropriate because of an inadequacy or lack of connecting facilities adjacent to or in proximity to the subdivision. In granting waivers or variances, the DRB must require such conditions as will, in its judgement, secure substantially the objectives of the requirements so waived or varied. No such waiver or variance may be granted if it would have the effect of nullifying the intent and purpose of the Town Plan.

While Appellant= s revised proposed final plat very well may qualify for the waiver of many of the application or improvement requirements, she did not request such waivers of the DRB, and

therefore the requests for waivers are not before the Court. Appellant argues that she had no obligation to request the waivers and that the DRB should have treated any aspect of the proposed final plat that did not conform to the subdivision requirements as an implied request for a waiver.

It would be unworkable to burden a DRB with the responsibility for discerning such implied requests for waivers. Section 7.6.16 does not require the DRB to consider waivers where none has been requested by the applicant, as the burden must remain on the applicant to show why a particular waiver is justified. Because the waiver requests were not made to the DRB, and the DRB did not rule in the first instance on the waiver requests, they are not before the Court sitting in place of the DRB in this <u>de novo</u> appeal. To the extent that Appellant relies on those waivers to meet the application or improvement requirements, summary judgment must be granted to the Town, although the appropriate relief will be to remand this matter to the DRB to allow the DRB to rule on the now-proposed waivers, without prejudice to any future appeal from such a ruling.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that the Town=s Motion for Summary Judgment is GRANTED. This appeal is hereby REMANDED to the DRB for Appellant to apply for the waivers she seeks, without prejudice to her submission of further revisions of the proposed final plat to the DRB. This appeal is hereby concluded in this Court. Appellant may raise, in any future appeal from any future action of the DRB, any legal or factual issues she could have raised in the present appeal, as well as raising legal or factual issues relating to the remanded proceedings.

Done at Barre, Vermont, this 5th day of December, 2001.

_____
Merideth Wright
Environmental Judge

---

### Footnotes

[1.]    The Town's submittal of undisputed facts supported by affidavit meets the requirements of V.R.C.P. 56.

[2.]    One condition of the preliminary plat approval was to eliminate the on-site drilled wells from the plans, and to defer meeting the water supply requirements for the proposed lots.